FILED

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON (Cal. Bar No. 257094)
Assistant United States Attorney
Deputy Chief, OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3542
     Facsimile: (213) 894-0142
     E-mail:    ben.barron@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2019 APR 22  AM 11: 1.

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

            UNITED STATES DISTRICT COURT

        FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

            v.

JACKIE FERRARI,

            Defendant.

No. CR 19 CR00248 -

PLEA AGREEMENT FOR DEFENDANT
JACKIE FERRARI

    1.   This constitutes the plea agreement between JACKIE FERRARI
("defendant") and the United States Attorney's Office for the Central
District of California (the "USAO") in the above-captioned case.
This agreement is limited to the USAO and cannot bind any other
federal, state, local, or foreign prosecuting, enforcement,
administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and,
at the earliest opportunity requested by the USAO and provided by the
Court, appear and plead guilty to a one-count information in the form

1  attached to this agreement as Exhibit A or a substantially similar

2  form, which charge defendant with distribution of oxycodone, in

3  violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

4         b.   Not contest facts agreed to in this agreement.

5         c.   Abide by all agreements regarding sentencing contained

6  in this agreement.

7         d.   Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10        e.   Not commit any crime; however, offenses that would be

11 excluded for sentencing purposes under United States Sentencing

12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13 within the scope of this agreement.

14        f.   Be truthful at all times with the United States

15 Probation and Pretrial Services Office and the Court.

16        g.   Pay the applicable special assessment at or before the

17 time of sentencing unless defendant lacks the ability to pay and

18 prior to sentencing submits a completed financial statement on a form

19 to be provided by the USAO.

20                        THE USAO'S OBLIGATIONS

21    3.   The USAO agrees to:

22        a.   Not contest facts agreed to in this agreement.

23        b.   Abide by all agreements regarding sentencing contained

24 in this agreement.

25        c.   Except for criminal tax violations (including

26 conspiracy to commit such violations chargeable under 18 U.S.C.

27 § 371), not further criminally prosecute defendant for violations of

28 federal law arising out of defendant's conduct described in the

2

agreed-to factual basis herein.  Defendant understands that the USAO
is free to criminally prosecute defendant for any other unlawful past
conduct or any unlawful conduct that occurs after the date of this
agreement.  Defendant agrees that at the time of sentencing the Court
may consider the uncharged conduct in determining the applicable
Sentencing Guidelines range, the propriety and extent of any
departure from that range, and the sentence to be imposed after
consideration of the Sentencing Guidelines and all other relevant
factors under 18 U.S.C. § 3553(a).

     d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

<div align="center">NATURE OF THE OFFENSE</div>

     4.   Defendant understands that for defendant to be guilty of
the crime charged in the single-count information, that is,
distribution of oxycodone, in violation of Title 21, United States
Code, Sections 841(a)(1), (b)(1)(C), the following must be true:
First, defendant knowingly distributed a controlled substance,
namely, oxycodone; and second, defendant knew that it was oxycodone
or some other prohibited drug.

<div align="center">PENALTIES</div>

     5.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 21, United States
Code, Sections 841(a)(1), (b)(1)(C), is: 20 years imprisonment; a
lifetime period of supervised release; a fine of $1,000,000 or twice

<div align="center">3</div>

the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  Defendant understands that the Court must impose a term of supervised release that is not less than three years.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation,

1  parole, or supervised release in another case and suspension or
2  revocation of a professional license.  Defendant understands that any
3  unanticipated collateral consequences will not serve as grounds to
4  withdraw defendant's guilty plea.  For example, defendant understands
5  and agrees that defendant will not be able to withdraw defendant's
6  guilty plea based on any consequence to defendant's law license,
7  anticipated or otherwise, stemming from this matter.

8       9.   Defendant understands that, if defendant is not a United
9  States citizen, the felony conviction in this case may subject
10  defendant to: removal, also known as deportation, which may, under
11  some circumstances, be mandatory; denial of citizenship; and denial
12  of admission to the United States in the future.  The court cannot,
13  and defendant's attorney also may not be able to, advise defendant
14  fully regarding the immigration consequences of the felony conviction
15  in this case.  Defendant understands that unexpected immigration
16  consequences will not serve as grounds to withdraw defendant's guilty
17  plea.

18                  FACTUAL BASIS

19       10.  Defendant admits that defendant is, in fact, guilty of the
20  offense to which defendant is agreeing to plead guilty.  Defendant
21  and the USAO agree to the statement of facts provided below and agree
22  that this statement of facts is sufficient to support a plea of
23  guilty to the charge described in this agreement and to establish the
24  Sentencing Guidelines factors set forth in paragraph 12 below but is
25  not meant to be a complete recitation of all facts relevant to the
26  underlying criminal conduct or all facts known to either party that
27  relate to that conduct.

28

5

Beginning on a date unknown, and continuing to not later than January 18, 2019, defendant sold oxycodone to black market customers based on coded advertisements that defendant placed on the website Craigslist.  For example, on September 14, 2018, defendant posted a coded advertisement offering 30-mg oxycodone pills (antique foxy roxy dolls" with "blue shorts and other blue outfits" and "clothing size 30") for $30 each, and in which defendant informed customers that they would be required to ingest a pill to verify that they are not law enforcement: "First time we meet, I will ask you to take one in front of me. Any method is acceptable. If you won't do this, I cannot selling to you. No exceptions. This allows you to find out that they're real from pharm and hopefully I can feel rest assured that you're not 5-0. Sound good??"

In January 2019, one of defendant's oxycodone customers ("CS-1") began cooperating with law enforcement.  After CS-1 began cooperating, he/she exchanged text·messages with defendant to set up a new oxycodone transaction.  On January 10, 2019, in Beverly Hills, California, defendant met with CS-1, where defendant gave CS-1 50 pills of 30-mg oxycodone in exchange for $1,200.

Soon afterward, CS-1 set up another oxycodone transaction with defendant.  On January 18, 2019, in Beverly Hills, defendant met with CS-1 to deliver to him 180 pills of 30-mg oxycodone in exchange for approximately $4,100.  However, defendant was arrested by investigating agents before meeting with her supplier to acquire the 180 pills of oxycodone.

In total, defendant sold not less than 1,000 pills of 30-mg oxycodone to black market customers.

SENTENCING FACTORS

11.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | 24 | U.S.S.G. § 2D1.1(c)(8) |
| Internet Marketing: | +2 | U.S.S.G. § 2D1.1(b)(7) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  However, the USAO agrees not to seek a variance for abuse of trust under U.S.S.G. § 3B1.3.

13.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

///

## WAIVER OF CONSTITUTIONAL RIGHTS

15.  .Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.   The right to persist in a plea of not guilty.

       b.   The right to a speedy and public trial by jury.

       c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

       d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.   The right to confront and cross-examine witnesses against defendant.

       f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

       g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

       h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's conviction on the offense to which defendant is

2  pleading guilty. Defendant understands that this waiver includes,

3  but is not limited to, arguments that the statute to which defendant

4  is pleading guilty is unconstitutional, and any and all claims that

5  the statement of facts provided herein is insufficient to support

6  defendant's plea of guilty.

7  <center>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</center>

8      17. Defendant agrees that, provided the Court imposes a total

9  term of imprisonment on all counts of conviction of no more than 46

10  months, defendant gives up the right to appeal all of the following:

11  (a) the procedures and calculations used to determine and impose any

12  portion of the sentence; (b) the term of imprisonment imposed by the

13  Court; (c) the fine imposed by the court, provided it is within the

14  statutory maximum; (d) to the extent permitted by law, the

15  constitutionality or legality of defendant's sentence, provided it is

16  within the statutory maximum; (e) the term of probation or supervised

17  release imposed by the Court, provided it is within the statutory

18  maximum; and (f) any of the following conditions of probation or

19  supervised release imposed by the Court: the conditions set forth in

20  General Order 18-10 of this Court; the drug testing conditions

21  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

22  drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23      18. The USAO agrees that, provided all portions of the sentence

24  are at or below the statutory maximum specified above and (b) the

25  Court imposes a term of imprisonment of no less than 37 months, the

26  USAO gives up its right to appeal any portion of the sentence.

27  ///

28

<center>9</center>

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the

1  USAO to declare a breach, and defendant shall not be deemed to have
2  cured a breach without the express agreement of the USAO in writing.
3  If the USAO declares this agreement breached, and the Court finds
4  such a breach to have occurred, then: (a) if defendant has previously
5  entered a guilty plea pursuant to this agreement, defendant will not
6  be able to withdraw the guilty plea, and (b) the USAO will be
7  relieved of all its obligations under this agreement.
8     22.  Following the Court's finding of a knowing breach of this
9  agreement by defendant, should the USAO choose to pursue any charge
10 that was either dismissed or not filed as a result of this agreement,
11 then:
12     a.  Defendant agrees that any applicable statute of
13 limitations is tolled between the date of defendant's signing of this
14 agreement and the filing commencing any such action.
15     b.  Defendant waives and gives up all defenses based on
16 the statute of limitations, any claim of pre-indictment delay, or any
17 speedy trial claim with respect to any such action, except to the
18 extent that such defenses existed as of the date of defendant's
19 signing this agreement.
20     c.  Defendant agrees that: (i) any statements made by
21 defendant, under oath, at the guilty plea hearing (if such a hearing
22 occurred prior to the breach); (ii) the agreed to factual basis
23 statement in this agreement; and (iii) any evidence derived from such
24 statements, shall be admissible against defendant in any such action
25 against defendant, and defendant waives and gives up any claim under
26 the United States Constitution, any statute, Rule 410 of the Federal
27 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
28 Procedure, or any other federal rule, that the statements or any

11

1   evidence derived from the statements should be suppressed or are

2   inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

### OFFICE NOT PARTIES

5       23.  Defendant understands that the Court and the United States

6   Probation and Pretrial Services Office are not parties to this

7   agreement and need not accept any of the USAO's sentencing

8   recommendations or the parties' agreements to facts or sentencing

9   factors.

10      24.  Defendant understands that both defendant and the USAO are

11  free to: (a) supplement the facts by supplying relevant information

12  to the United States Probation and Pretrial Services Office and the

13  Court, (b) correct any and all factual misstatements relating to the

14  Court's Sentencing Guidelines calculations and determination of

15  sentence, and (c) argue on appeal and collateral review that the

16  Court's Sentencing Guidelines calculations and the sentence it

17  chooses to impose are not error, although each party agrees to

18  maintain its view that the calculations in paragraph 12 are

19  consistent with the facts of this case.  While this paragraph permits

20  both the USAO and defendant to submit full and complete factual

21  information to the United States Probation and Pretrial Services

22  Office and the Court, even if that factual information may be viewed

23  as inconsistent with the facts agreed to in this agreement, this

24  paragraph does not affect defendant's and the USAO's obligations not

25  to contest the facts agreed to in this agreement.

26      25.  Defendant understands that even if the Court ignores any

27  sentencing recommendation, finds facts or reaches conclusions

28  different from those agreed to, and/or imposes any sentence up to the

1  maximum established by statute, defendant cannot, for that reason,

2  withdraw defendant's guilty plea, and defendant will remain bound to

3  fulfill all defendant's obligations under this agreement.  Defendant

4  understands that no one -- not the prosecutor, defendant's attorney,

5  or the Court -- can make a binding prediction or promise regarding

6  the sentence defendant will receive, except that it will be within

7  the statutory maximum.

8                        NO ADDITIONAL AGREEMENTS

9       26.  Defendant understands that, except as set forth herein, and

10  in any contemporaneous agreement or addendum signed by all parties,

11  there are no promises, understandings, or agreements between the USAO

12  and defendant or defendant's attorney, and that no additional

13  promise, understanding, or agreement may be entered into unless in a

14  writing signed by all parties or on the record in court.

15  ///

16

17

18

19

20

21

22

23

24

25

26

27

28

1   PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       27.  The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   NICOLA T. HANNA
    United States Attorney

9

10                                              4/21/19
    _____      _____
    BENJAMIN R. BARRON               Date
11  Assistant United States Attorney

12                                              4/18/19
    _____      _____
    JACKIE FERRARI                   Date
13  Defendant

14                                              4/18/19
    _____      _____
    TARIQ KHERO                      Date
15  Attorney for Defendant Ferrari

16

17

18              CERTIFICATION OF DEFENDANT

19       I have read this agreement in its entirety.  I have had enough

20  time to review and consider this agreement, and I have carefully and

21  thoroughly discussed every part of it with my attorney.  I understand

22  the terms of this agreement, and I voluntarily agree to those terms.

23  I have discussed the evidence with my attorney, and my attorney has

24  advised me of my rights, of possible pretrial motions that might be

25  filed, of possible defenses that might be asserted either prior to or

26  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

27  of relevant Sentencing Guidelines provisions, and of the consequences

28  of entering into this agreement.  No promises, inducements, or

                              14

1  representations of any kind have been made to me other than those

2  contained in this agreement or in an agreement signed by all parties

3  or on the record in court.  No one has threatened or forced me in any

4  way to enter into this agreement.  I am satisfied with the

5  representation of my attorney in this matter, and I am pleading

6  guilty because I am guilty of the charges and wish to take advantage

7  of the promises set forth in this agreement, and not for any other

8  reason.

9

10  JACKIE FERRARI                          Date  4/13/19
    Defendant

11

12                CERTIFICATION OF DEFENDANT'S ATTORNEY

13      I am JACKIE FERRARI's attorney.  I have carefully and thoroughly

14  discussed every part of this agreement with my client.  Further, I

15  have fully advised my client of her rights, of possible pretrial

16  motions that might be filed, of possible defenses that might be

17  asserted either prior to or at trial, of the sentencing factors set

18  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

19  provisions, and of the consequences of entering into this agreement.

20  To my knowledge: no promises, inducements, or representations of any

21  kind have been made to my client other than those contained in this

22  agreement or in an agreement signed by all parties or on the record

23  in court; no one has threatened or forced my client in any way to

24  enter into this agreement; my client's decision to enter into this

25  ///

26

27

28

1  agreement is an informed and voluntary one; and the factual basis set

2  forth in this agreement is sufficient to support my client's entry of

3  a guilty plea pursuant to this agreement.

4

5  TARIQ KHERO                                          Date  4/18/19
   Attorney for Defendant Ferrari

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9               FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        CR No. 19-

11           Plaintiff,              I N F O R M A T I O N

12           v.                      [21 U.S.C. §§ 841(a)(1),
                                     (b)(1)(C): Distribution of
13  JACKIE FERRARI,                  Oxycodone]

14           Defendant.

15

16       The United States Attorney charges:

17               [21 U.S.C. §§ 841(a)(1), (B)(1)(C)]

18       On or about January 10, 2019, in Los Angeles County, within the

19  Central District of California, defendant JACKIE FERRARI knowingly

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  and intentionally distributed oxycodone, a Schedule II narcotic drug

2  controlled substance.

3                                    NICOLA T. HANNA
                                     United States Attorney
4

5

6                                    LAWRENCE S. MIDDLETON
                                     Assistant United States Attorney
7                                    Chief, Criminal Division

8                                    CAROL A. CHEN
                                     Assistant United States Attorney
9                                    Chief, Organized Crime Drug
                                       Enforcement Task Force Section
10
                                     BENJAMIN R. BARRON
11                                   Assistant United States Attorney
                                     Deputy Chief, Organized Crime Drug
12                                     Enforcement Task Force Section

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28